## THE KNICKERBOCKER ICE COMPANY, RESPONDENT, *v.* GEORGE S. SHULTZ AND CHARLES A. SHULTZ, APPELLANTS.

*Easements over lands under water — when they cannot be acquired as against the State — violation of a limitation imposed, as to the use to be made of land granted by the State — it cannot be restrained by one whose legal rights are not injured by it.*

In 1873 the Washington Ice Company obtained from the State the usual grant of lands under the waters of the Hudson river, upon which the company had, in 1860, built a wharf and ice-house, which they subsequently used and occupied until they conveyed the same to the plaintiff, who thereafter used it for the same purposes. In 1877 one Shultz obtained a similar grant of the lands under water adjoining on the south those granted to the plaintiff's grantor. This action was brought by the plaintiff to restrain the grantees of Shultz from constructing a dyke or pier along the northerly boundary of their lands, upon the ground that if constructed it would be distant but one foot from the end of the apron of the elevator used by the plaintiff, and would prevent its further use.

*Held,* that the action could not be sustained upon the ground that the plaintiff, or its grantor, had for more than twenty years been accustomed to cut ice in the river and tow it through a canal in the ice across the lands included in the grant to Shultz, to the apron of the elevator, without protest from the defendants or their predecessors, as the plaintiff could not acquire, as against the State, any right to the waters of the Hudson river, or to the lands thereunder by cutting ice and towing it along in the water; and that the land, when conveyed by the State, was free from any claim arising from such custom.

The plaintiff claimed that under the terms of the conveyance Shultz was not authorized to erect a dyke or pier upon or over the land.

*Held,* that the claim was not well founded, as there was nothing in the grant which limited the use of the lands by the grantee in the manner claimed.

*It seems,* that even if such a limitation were imposed upon the grantee the plaintiff could not maintain an action to restrain him from violating it, unless it could be shown that his acts would interfere with some legal right of the plaintiff.

APPEAL from a judgment in favor of the plaintiff, entered upon the trial of this action at the Ulster Circuit by the court without a jury.

The action was brought to obtain an injunction perpetually restraining the defendants from constructing a dyke or pier on certain lands lying under the waters of the Hudson river.

*E. S. Wood,* for the appellants.

*J. B. Olney,* for the respondent.

LEARNED, P. J. :

The Washington Ice Company, in 1873, were owners of land on the bank of the Hudson river. In that year they obtained from the State, pursuant to a resolution of the commissioners of the land office, the usual grant of lands under water pursuant to the Revised Statutes and the amendments thereto. The plaintiff is the grantee of the Washington Ice Company. That company had previously, about 1860, built a wharf and ice-house on this land under water, which they and their grantees have since used and occupied.

In 1877 Charles Shultz, who held the land next south of that of the plaintiff, obtained a similar grant of lands under water ; the northern boundary of the Shultz grant being the southern boundary of plaintiff's, as is stated by counsel. This does not distinctly appear in the case, but it is immaterial.

The defendants, who are the grantees of Charles Shultz, have commenced to construct a dyke or pier, about eight feet wide, on their own land, granted as aforesaid by the State, and along the northerly boundary thereof, about 206 feet out into the river. The plaintiff claims that this is wrongful and that it will injure the plaintiff in two respects :. First, it shows that the end of the apron, which extends from the south end of their elevator, is but one foot from the line where the proposed pier is to be built, and hence the use of that elevator will be prevented. Second, it shows that for some twenty years it (or its predecessors) have been accustomed to cut ice in the river and tow it through a canal in the ice across the flats (now included in the grant aforesaid owned by defendants), and that so they have brought it to the apron of the elevator without protest from defendants or their predecessors. It asks, therefore, and has obtained an injunction.

Now, it is evident that the plaintiff could not acquire, as against the State, any right to the waters of the Hudson river, or to the lands under the same by cutting ice thereon and towing it along in the water. One who tows a piece of ice through the water acquires no right to the water any more than he would if he towed a boat. The State owned the land under water, notwithstanding the plaintiff and its predecessors had dipped up water from the river or had gathered water solidified into ice. The State, therefore, had the right to convey to Charles Shultz this land, and such conveyance

would be free from any pretended claim arising from the custom of towing pieces of ice in the water which lay above it.

But the plaintiff claims that, though the State conveyed to Shultz, the conveyance did not authorize him to erect a dyke or pier on the land. Even if this were so it would be doubtful whether the plaintiff could interfere, unless the act of the defendants affected its legal rights. But there is nothing in the grant which limits it in the manner claimed.

Chapter 283 of the Laws of 1850 amends the Revised Statutes, and authorizes the commissioners of the land office to grant so much of the lands under the water of navigable rivers or lakes as they shall deem necessary to prosecute the commerce of the State, or proper for the purpose of beneficial enjoyment of the same by the adjacent owner. This does not prescribe the use to which the grantee is to put the land. The section of Revised Statutes thereby amended did not contain the provisions " or proper for the beneficial enjoyment of the same by the adjacent owner." And if chapter 232 of the Laws of 1835 limited the power of the commissioners to the authorizing the erection of a dock, their powers are clearly enlarged by the later act. But if there were nothing authorized but the erection of a dock, there are no provisions as to the width or length of a dock. It can hardly be supposed that the word, " dock," in the statute means only a place where vessels are to float and be repaired. " Dock " is often used for " wharf " or " pier." And the plaintiffs are not in a position to say how wide the defendants shall build their " pier," or " dock," or " dyke."

The plaintiff itself, it appears, has constructed on its grant of land under water an ice-house and wharf. Certainly an ice-house is not a dock. But whatever the structure may be which the defendants are erecting, it is on their own land ; on land over which the plaintiff has no rights whatever. The plaintiff, then, has no right to complain even if the defendants are erecting something to which the State might object. Unless rights of the plaintiff are interfered with, it has no wrong to redress.

But the plaintiff further complains that this structure of the defendants will be so near to the apron of its elevator that the elevator cannot be used. That is to say, the plaintiff has constructed its elevator and the apron so near to the boundary between itself

and the adjoining owner, that if the adjoining owner puts up a structure on his own land the plaintiff cannot use its elevator. That is the plaintiff's fault. The plaintiff cannot, by building very close to its own boundary, prevent its neighbor from using his land. If plaintiff's claim were valid it would have acquired rights over the land of the State by using the water over it.

It may be that the defendants' erection will cause the plaintiff loss. But they do the plaintiff no wrong. They interfere with no rights of the plaintiff. The plaintiff acquired no right to tow ice over the land of the State, or to bring its ice over such land to the apron of the elevator; that is to say, no right which would prevent the State from erecting any proper structures on its own land. Hence the grantees of the State may do the same ; and they may erect on what is now their own land the dock or dyke which they were about to construct when enjoined.

The judgment is reversed, and judgment rendered for defendants denying the relief asked for, with costs of action and of appeal.

BOOKES and LANDON, JJ., concurred.

Judgment reversed, and judgment for the defendants, with costs.